■ In the Matter of BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, Appellant, v MIDDLETOWN TEACHERS ASSOCIATION et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the

appeal is from an order of the Supreme Court, Orange County (Green, J.), dated July 26, 1984, which denied the application and directed the parties to proceed to arbitration.

Order affirmed, with costs.

This case involves a demand for arbitration of a grievance filed on behalf of a member of the respondent Teachers Association, whose application for a grant of sick leave days from a "sick leave bank", established pursuant to a collective bargaining agreement, was rejected by petitioner's designated representative to the Sick Leave Bank Governing Committee. The agreement contains a provision that the committee's decisions are "final". However, when a rejection is "deemed totally without justification", it may be submitted for "nonsubstantive" arbitral review. This arbitration provision is separate from the broad arbitration provisions applicable to other grievances under the agreement.

The stated grounds for the rejection of grievant's application are arguably without justification and procedural. Therefore, under the terms of the relevant provision, the rejection is subject to nonsubstantive review by an arbitrator.

The relief sought by grievant is the grant of a block of days from the sick leave bank. According to the agreement, the ultimate decision over whether to grant this relief lies exclusively with the Committee, over which petitioner exercises a veto power. However, that would not preclude an arbitrator from reviewing a claim that bargained for procedural steps, preliminary to the final determination, had not been complied with (see, Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 417-418).

Arbitrators have broad powers to fashion relief, and a court, in deciding an application for a stay, should not prematurely assume that a remedy, if granted, will be an impermissible one (see, Board of Educ. v Barni, 51 NY2d 894; Matter of South County Cent. School Dist. [Paul], 103 AD2d 780). Accordingly, Special Term correctly denied the application for a stay of arbitration. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.