■ In the Matter of BOARD OF EDUCATION OF THE GREENBURGH No. 11 UNION FREE SCHOOL DISTRICT, Appellant, v GREENBURGH No. 11 FEDERATION OF TEACHERS, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the Board of Education of the Greenburgh No. 11 Union Free School District appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered August 23, 1989, which denied the application.

Ordered that the order is affirmed, with costs.

The petitioner's assertion that the discharge of its employee

pursuant to Civil Service Law § 71 cannot be the subject of arbitration because of important public policy considerations is without merit. That section of the Civil Service Law does not mandate the discharge of an employee nor does it specify the procedural steps to be taken to effectuate discharge. While it is true that substantive rights cannot be the subject of collective bargaining arbitration *(see, e.g., Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526), it is also true that procedural rights can be arbitrated *(see, Matter of Board of Educ. v Yonkers Fedn. of Teachers,* 129 AD2d 702, 703). The grievance at issue herein is procedural in nature.

The arbitration clause of the collective bargaining agreement does encompass this type of dispute. The "fact that the full scope of the relief requested by the union might, if granted by the arbitrator, lead to an award which would be subject to vacatur for public policy reasons does not mandate a stay of arbitration" *(Matter of Board of Educ. v West Babylon Teachers Assn.,* 72 AD2d 766, 767-768, *affd* 52 NY2d 1002). Brown, J. P., Kooper, Harwood and Miller, JJ., concur.