■ In the Matter of BOARD OF EDUCATION OF THE PINE PLAINS CENTRAL SCHOOL DISTRICT, Appellant, v PINE PLAINS FEDERATION OF EDUCATORS, INC., Respondent. [669 NYS2d 929] —In a proceeding pursuant to CPLR 7503 to stay arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated December 20, 1996, which denied the petition "in all respects" and directed the parties "to proceed to arbitration of the subject contractual dispute".

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph thereof the words: "in all respects" and substituting therefor the words: "with respect to the alleged violation of Article V, Section D of the collective bargaining agreement between the parties, effective July 1, 1992—June 30, 1997, and the petitioner's application for a stay of arbitration is granted with respect to the alleged violation of the provisions of a Supplemental Memorandum of

Agreement between the parties, dated July 1988"; as so modified, the judgment is affirmed, without costs or disbursements.

The respondent sought arbitration, *inter alia*, of an alleged violation of the provisions of a 1988 "Supplemental Memorandum of Understanding" (hereinafter the Supplemental Memorandum) between the parties. However, the Supplemental Memorandum does not contain an arbitration clause and was not incorporated into or made part of the collective bargaining agreement between the parties in effect for the period July 1, 1992, to June 30, 1997.

In the absence of a valid and specific agreement between the parties evidencing an intent to arbitrate claims under the Supplemental Memorandum, the petitioner's motion to stay arbitration should have been granted with respect to the respondent's demand to arbitrate claims pursuant to the Supplemental Memorandum (*see, Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7; County of Rockland v Rockland County Unit of Rockland Community Coll. Fedn. of Teachers, 125 AD2d 531; Matter of Allstate Ins. Co. v Roseboro, 247 AD2d 379*).

The petitioner's remaining argument is without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.