■ In the Matter of POCANTICO HILLS CENTRAL SCHOOL DISTRICT, Respondent, v POCANTICO HILLS TEACHERS ASSOCIATION, Appellant. [694 NYS2d 417] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 26, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

This appeal is the result of determinations by the respondent Pocantico Hills Central School District (hereinafter the School District), denying the applications of two teachers who sought extended post-pregnancy leave through participation in the sick leave bank established pursuant to the collective bargaining agreement (hereinafter the agreement) between the School District and the appellant, Pocantico Hills Teachers Association (hereinafter the Teachers Association). The teachers each claimed entitlement to sick leave bank time, but the

School District denied the applications, upon the recommendation of a physician, who opined that the teachers did not suffer from a "serious illness or serious injury" as required by the agreement.

Contrary to the appellant's contentions, the teachers' applications were properly determined in accordance with the provisions set forth in the agreement. After the parties' respective appointees deadlocked on the teachers' requests, the ties were broken, pursuant to the agreement, by a mutually-selected physician who determined that the teachers' pregnancies did not constitute "extended, serious illness or serious injury" within the meaning of the relevant provisions of the agreement. Since the teachers' requests were determined in accordance with the tie-breaking provisions of the agreement, which expressly limits arbitration to grievances arising from the violation of specific terms and provisions thereof, the Supreme Court correctly determined that the denials of the requests fell outside the arbitration provisions of the agreement and thus were not arbitrable (*see, Matter of Board of Educ. v West Babylon Teachers Assn.,* 52 NY2d 1002; *Matter of Board of Educ. v Greenburgh No. 11 Fedn. of Teachers,* 172 AD2d 518; *cf., Matter of Board of Educ. v Middletown Teachers Assn.,* 116 AD2d 572). To the extent that the Teachers Association suggests that the provisions of the agreement relating to the sick leave bank are ill-suited to pregnancy-related leaves or that special consideration should be given to pregnancy-related leave requests, this is a matter for negotiation, not arbitration. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.