■ In the Matter of Scott Peil, Petitioner, v Marguerite Beirne, as Commissioner of the Westchester County Department of Information Technology, et al., Respondents. [898 NYS2d 885]—Proceeding pursuant to CPLR article 78 to review a determination of Marguerite Beirne, as Chief Information Officer of the Westchester County Department of Information Technology, dated January 7, 2009, adopting the recommendation of a hearing officer, made after a hearing, finding the petitioner guilty of certain charges and terminating his employment as a Senior Maintenance Mechanic with the Westchester County Department of Information Technology.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The determination to dismiss the petitioner from his employment was supported by substantial evidence (*see Matter of Oglesby v New York City Hous. Auth.*, 66 AD3d 905, 907-908 [2009]; *Matter of Andrew Naclerio Assoc., Inc. v Pradhan*, 45 AD3d 585, 586-587 [2007]; *Matter of Abraham v Cuevas*, 41 AD3d 840 [2007]). "An administrative agency's determination need not be the only rational conclusion to be drawn from the record . . . the existence of other, alternative rational conclusions does not warrant annulment of the agency's conclusion" (*Matter of Incorporated Vil. of Lake Success v New York State Pub. Empl. Relations Bd.*, 41 AD3d 599, 599 [2007] [internal quotation marks omitted]). Moreover, given the repeated nature of the offense, the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness and, thus, does not constitute an abuse of discretion as a matter of law (*see Matter of Santarella v New York City Dept. of Correction*, 53 NY2d 948 [1981]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235 [1974];

*Matter of Small v Village Bd. of Vil. of Ossining*, 37 AD3d 839 [2007]).

The petitioner's contention that the Department of Information Technology of the County of Westchester committed an improper labor practice in violation of section 209-a of the Civil Service Law is within the exclusive jurisdiction of the Public Employment Relations Board (*see* Civil Service Law § 205 [5] [d]; *Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v Westchester County*, 35 AD3d 592, 595 [2006]) and, thus, cannot be reviewed in this proceeding.

Contrary to the petitioner's contention, the hearing officer properly admitted the security system records into evidence (*see* State Administrative Procedure Act § 306 [1]; *Matter of Ragin v New York City Employees' Retirement Sys.*, 19 AD3d 603 [2005]). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.