In the Matter of NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, v TRANSPORT WORKERS UNION OF AMERICA, LOCAL 100, Appellant. [931 NYS2d 331]—

In 1999, the New York City Transit Authority (hereinafter the NYCTA), its subsidiary, the Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA; hereinafter together the petitioners), and the Transport Workers Union of America, Local 100 (hereinafter the TWU), entered into a collective bargaining agreement (hereinafter the CBA). Pursuant to a modification of the CBA known as the surface consolidation agreement, the parties agreed, among other things, to allow the commingling of personnel, including bus operators, between the petitioners. For purposes of selecting job assignments within both of the petitioners, the TWU created a consolidated seniority list for bus operators it represented working for both of the petitioners.

In April 2010, the petitioners informed the TWU that due to a budget shortfall, staff reductions were required, which would

affect bus operators employed by both of the petitioners. The petitioners further informed the TWU that at-risk NYCTA bus operators, as civil service employees (*see* Public Authorities Law § 1210 [2]), would be laid off in civil service seniority order, and at-risk MABSTOA bus operators, who were not civil service employees (*see* Public Authorities Law § 1203-a [3] [b]), would be laid off in order of seniority in title, as provided for in the CBA. The TWU filed a contract interpretation grievance on behalf of MABSTOA bus operators, alleging that the method by which the petitioners were planning on laying off bus operators violated the surface consolidation agreement and requesting that the bus operators for each of the petitioners be laid off pursuant to the consolidated seniority list used for picking job assignments. When the grievance was denied by the NYCTA, the TWU submitted the dispute for arbitration. The petitioners commenced this proceeding to permanently stay the arbitration on the ground that the relief sought was prohibited by the statutory requirements in the Civil Service Law for conducting layoffs of civil service employees. The Supreme Court granted the petition and permanently stayed arbitration of the grievance. We affirm.

In the public sector context, determining whether a grievance is arbitrable requires a court to first determine whether " 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). If there is no prohibition against arbitration, then the court must determine "whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519).

Here, the petitioners only contended that the subject matter of the grievance was prohibited by law or public policy. In that regard, a dispute is not arbitrable "if a court can conclude ' "without engaging in any extended factfinding or legal analysis" ' that a law ' "prohibit[s], in an absolute sense, [the] particular matters [to be] decided" ' by arbitration" (*id.*, quoting *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 8-9 [2002]).

Here, assuming that the surface consolidation agreement af-

fects how the petitioners are to conduct layoffs, the particular matter to be decided is prohibited, in an absolute sense, by Civil Service Law § 80 (1), which provides the sole manner by which an employer may lay off civil service employees in a competitive class (*see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 521). Thus, layoffs within the title of bus operator in the NYCTA can only be made in inverse order of civil service seniority, not by any other method such as the use of the consolidated seniority list. Contrary to the TWU's contention, an arbitrator could not fashion a different remedy for this particular grievance that would not violate statutory requirements or public policy (*see Matter of County of Broome [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO]*, 80 AD3d 1047, 1050 [2011]; *cf. Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 521-522). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.