In the Matter of COUNTY OF ROCKLAND, Respondent, v CIVIL SERVICE EMPLOYEE ASSOCIATION, INC., Appellant. [940 NYS2d 285]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Rockland County (Walsh II, J.), dated April 21, 2011, which granted the petition and stayed the arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

In 2007, the County of Rockland (hereinafter the petitioner) and the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter the appellant), entered into a collective bargaining agreement (hereinafter the CBA). In March 2010 the appellant filed a grievance on behalf of one of its members, and in April 2010 the appellant filed a similar grievance on behalf of another of its members. Both grievances alleged that the petitioner had violated certain provisions of the CBA. The grievances, inter alia, objected to the petitioner's alleged conduct of assigning per diem employees to certain work assignments instead of giving those assignments to regular full- and part-time employees. The petitioner denied the grievances and, thereafter, the appellant submitted the grievances to binding and final arbitration. The petitioner then commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration of the two grievances. The Supreme Court granted the petition and permanently stayed the arbitration of the grievances.

In the public sector context, determining whether a grievance is arbitrable requires a court to first determine whether " 'there

is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 88 AD3d 887, 888 [2011]). If there is no prohibition against arbitration, then the court must determine "whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519).

Contrary to the petitioner's contention, the arbitration of the grievances is not prohibited on the ground that the grievances are within the sole jurisdiction of the New York State Public Employment Relations Board (*see* Civil Service Law § 205 [5] [d]). The grievances do not allege that the petitioner committed improper employer practices in violation of Civil Service Law § 209-a (*cf. Matter of Peil v Beirne*, 72 AD3d 1095, 1096 [2010]; *Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v Westchester County*, 35 AD3d 592, 595 [2006]). Furthermore, inasmuch as the grievances allege that the petitioner violated certain provisions of the CBA, and the CBA contains a procedure to arbitrate "any alleged violation, misrepresentation, or inequitable application of [the CBA]," the parties have agreed to arbitrate the grievances.

Moreover, under the circumstances of this case, the issue regarding the timeliness of the demands for arbitration should be determined by the arbitrator (*see Shah v Monpat Constr., Inc.*, 65 AD3d 541, 545 [2009], citing *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8 [1980]).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court erred in granting the petition and permanently staying the arbitration. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.