■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v TRANSPORT WORKERS UNION OF GREATER NEW YORK, LOCAL 100, Respondent. [986 NYS2d 502]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated September 27, 2013, which denied the petition and dismissed the proceeding. By decision and order on motion dated October 17, 2013, this Court granted the petitioner's motion to stay arbitration pending hearing and determination of the appeal.

Ordered that the order is affirmed, with costs.

Since 1986, nonparty Jose Cruz has been employed by the New York City Transit Authority (hereinafter the TA) as a bus operator. As a bus operator employed by the TA, Cruz was required to undergo biennial physical examinations which, among other things, required him to have "the ability to recognize the colors of traffic signals and devices showing standard red, green and amber" (15 NYCRR 6.10 [b] [9] [i]; *see* 15 NYCRR 6.10 [a]; Vehicle and Traffic Law § 509-g [1]).

In 2012, an ophthalmic surgeon (hereinafter the physician) examined Cruz. Following the examination, it was determined that Cruz had a history of color-blindness, that he identified the

color red as black, and that he had a "strong red-green color deficit." The physician recommended that Cruz undergo a "road test" before it was determined whether Cruz met "the standard required for safe commercial drivers." In response, the TA argued that Cruz should not undergo the road test because it is a nonmedical exam that cannot test his ability to recognize the required colors, and requested that the physician determine whether Cruz met the vision requirements set forth in Vehicle and Traffic Law § 509-g (1) and 15 NYCRR 6.10 (a) and (b) (9) (i) (hereinafter together the vision requirements).

Thereafter, the Transport Workers Union of Greater New York, Local 100 (hereinafter the TWU) filed a grievance on behalf of Cruz, arguing that the TA's failure to cooperate with the administration of the road test was in violation of the parties' collective bargaining agreement (hereinafter the CBA). The TA denied the grievance and, thereafter, the TWU submitted the grievance to binding and final arbitration. The TA commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration of the grievance. The Supreme Court denied the petition and dismissed the proceeding. The TA appeals, contending that the grievance is not arbitrable.

In the public sector context, determining whether a grievance is arbitrable requires a court to first determine whether " 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 88 AD3d 887 [2011]). If there is no prohibition against arbitration, then the court must determine "whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519).

Contrary to the TA's contention, no statute or public policy absolutely prohibits an arbitrator from deciding whether Cruz should undergo a road test before it is determined whether Cruz meets the vision requirements. Moreover, the parties' agreement to arbitrate this dispute is supported by the terms of the CBA. The relevant arbitration provisions of the CBA are broad, and there is a reasonable relationship between the

subject matter of the dispute and the general subject matter of the CBA (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]; *Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d 665, 667 [2012]). Any alleged ambiguity in the CBA as to whether the physician could recommend that Cruz undergo a road test " 'is . . . a matter of contract interpretation for the arbitrator to resolve' " (*Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d at 667, quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 749 [2010]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.