Matter of Town of N. Hempstead v Civil Serv. Employees Assn., Inc., Local 1000 (2018 NY Slip Op 06098)





Matter of Town of N. Hempstead v Civil Serv. Employees Assn., Inc., Local 1000


2018 NY Slip Op 06098


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-04621
 (Index No. 748/17)

[*1]In the Matter of Town of North Hempstead, appellant, 
v
Civil Service Employees Association, Inc., Local 1000, etc., respondent.


Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Mitchell L. Pitnick and Amanda Abata of counsel), for appellant.
Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered March 27, 2017. The order denied the petition to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.
An employee of the Town of North Hempstead was issued nine disciplinary notices for various instances of misconduct and insubordination. Each notice assessed a penalty of a five-day suspension. The employee filed grievances with respect to all nine disciplinary notices. The grievances were denied after two levels of review by the Town Attorney and the Labor-Management Committee. The respondent Civil Service Employees Association, Inc., Local 1000 (hereinafter the Union), filed a demand to arbitrate the grievances.
The Town commenced this proceeding to permanently stay arbitration on the ground that the grievance procedure set forth in section X of the collective bargaining agreement (hereinafter the CBA) did not permit arbitration of disputes wherein the discipline carried a penalty of up to and including five days' suspension. In opposition to the petition, the Union argued that because the aggregate penalty of all the disciplinary notices exceeded five days' suspension, the disputes were controlled by section XII of the CBA, which set forth the disciplinary procedure for those disputes carrying a penalty of six days' suspension or more, and which contained an arbitration clause.
The Supreme Court determined that because the employee was subject to 45 days of penalties, the matter was arbitrable, and denied the petition to permanently stay arbitration. The Town appeals, and we reverse.
"The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d 747, 747-748; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138; Matter [*2]of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 512). "Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519; Matter of County of Rockland v Civil Serv. Empl. Assn., Inc., 93 AD3d 721, 721-722). "If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 519; Matter of County of Rockland v Civil Serv. Empl. Assn., Inc., 93 AD3d at 722).
Here, the Town did not contend that arbitration of the grievances was prohibited by law or public policy. Thus, the only issue is whether the parties agreed to arbitrate these particular grievances (see Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748).
"Unlike general labor disputes in the private sector involving arbitration, the intent to arbitrate of parties to a collective bargaining agreement in the field of public employment may not be presumed" (Matter of Board of Educ. of Valhalla Union Free Sch. Dist. v Valhalla Teachers Assn., 112 AD3d 620, 621; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 141-142; Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d at 513-514). "Indeed . . . it must be taken, in the absence of clear, unequivocal agreement to the contrary, that the [parties to a collective bargaining agreement] did not intend to refer differences which might arise to the arbitration forum" (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d at 514; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 141-142; Matter of Board of Educ. of Valhalla Union Free Sch. Dist. v Valhalla Teachers Assn., 112 AD3d at 621).
Here, contrary to the Union's contention, because the disciplinary notices each carried a penalty of a five-day suspension, the grievance procedure of section X of the CBA, which did not permit arbitration, was applicable. While the aggregate penalty assessed against the employee exceeded five suspension days, this did not place the dispute within the ambit of section XII of the CBA. Neither section X or section XII of the CBA provides for any deviation from the procedures therein in a situation where an employee may be subject to more than one disciplinary action. Furthermore, the Union, by its actions, essentially conceded that the dispute fell under the ambit of section X, because it actively participated in the grievance procedure through Step 2, and presented the matter to the Labor-Management Committee. Once the grievances were denied by the Labor-Management Committee, instead of proceeding to Step 3, the Union filed a demand for arbitration, which is not permitted under section X. Since the grievances at issue were controlled by section X of the CBA, the Union failed to demonstrate that the parties in fact agreed to arbitrate these particular disputes (see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 519; Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d at 515; Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d 694, 696; Matter of Town of Hempstead v Civil Serv. Empls. Assn., 286 AD2d 401, 401; Matter of Pocantico Hills Cent. School Dist. v Pocantico Hills Teachers Assn., 264 AD2d 397, 398; Matter of Board of Educ. of Pine Plains Cent. School Dist. v Pine Plains Fedn. of Educators, 248 AD2d 612, 612).
Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration. In light of our determination, we need not reach the Town's remaining contention.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court