(May 27, 2003)

■ ALLSHINE, C.S., INC., Respondent, v SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Appellant. [759 NYS2d 547] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 23, 2002, which denied its cross motion to dismiss the complaint for failure to serve a timely notice of claim and as time-barred, or, in the alternative, for summary judgment dismissing the complaint, granted the plaintiff's motion for summary judgment on the issue of liability, and referred the matter to a judicial hearing officer to hear and report on the amount due to the plaintiff under the contract.

Ordered that the order is affirmed, with costs.

The defendant awarded the plaintiff a cleaning services contract for the 1999-2000 academic year, pursuant to which the plaintiff was to perform services at six schools. At the defendant's request, the plaintiff bid the contract on a square-foot basis, as opposed to a total price per building, because the defendant was constructing new classrooms at three of the subject schools; thus, the square footage requiring cleaning was to increase once construction was completed. The final month covered by the contract was June 2000. By letter dated June 22, 2000, the plaintiff claimed a remaining contract balance that the defendant paid in part. The plaintiff's attorney demanded the balance by letter dated August 30, 2000. By letter dated September 5, 2000, the defendant's attorney stated that the plaintiff had been paid in full, and no money was due. The plaintiff submitted its notice of claim before the end of September 2000, and this action was commenced in May 2001.

Pursuant to Education Law § 3813, no action may be maintained against, among others, a school district, unless a notice of claim was served within three months of the date on which the claim accrued (*see* Education Law § 3813 [1]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of*

*Coop. Educ. Servs.,* 258 AD2d 434 [1999]). Further, insofar as is relevant here, an action against a school district must be commenced within one year after the cause of action accrues (*see* Education Law § 3813 [2-b]). In addition, in actions "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]). In this case, the plaintiff's claim for money due under its cleaning services contract with the defendant was expressly denied by letter dated September 5, 2000. The plaintiff's notice of claim was submitted before the end of September 2000. Accordingly, its notice of claim was timely, as was its action, which was commenced in May 2001. Thus, the Supreme Court correctly denied those branches of the defendant's cross motion which were to dismiss the action on the grounds that a notice of claim was not timely served and that the action was not timely commenced.

Similarly without merit is the defendant's alternative contention that it should be awarded summary judgment on the ground that it paid the plaintiff all money due under the contract. On the contrary, the Supreme Court correctly granted the plaintiff summary judgment on the issue of liability. Putting aside the increase in square footage the defendant contemplated as a result of its construction schedule, the plaintiff was to clean 585,827 square feet. At the square-footage rate the plaintiff bid, it would be owed a total of $287,055.23. In its complaint, the plaintiff claimed the defendant owed it a total of $296,408.23, but paid only $270,679.99. In its answer, the defendant expressly admitted paying the latter amount. Thus, there is a significant shortfall between what the defendant paid, by its own admission, and the minimum amount due the plaintiff under the contract. Accordingly, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), which the defendant failed to rebut. However, the precise amount owed to the plaintiff is not clear on this record, since, inter alia, the amount of square feet within the plaintiff's responsibility was to increase during the contract term. The Supreme Court properly referred that issue for a hearing. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.