In the Matter of PIAZZA BROTHERS, INC., Respondent, v BOARD OF EDUCATION OF MAHOPAC CENTRAL SCHOOL DISTRICT, Appellant. [814 NYS2d 726]—

In a proceeding pursuant to Education Law § 3813 to deem a notice of claim timely served or, in the alternative, for leave to serve a late notice of claim, the Board of Education of Mahopac Central School District appeals from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 17, 2004, as granted that branch of the petition which was to direct it to accept the notice of claim as timely served and denied that branch of its cross motion which was to dismiss the petition as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 25, 2001 the petitioner Piazza Brothers, Inc. (hereinafter Piazza), entered into a written contract with the Board of Education of Mahopac Central School District (hereinafter Mahopac) to perform general construction work at a public improvement project known as Mahopac High School Addition and Renovation. Thereafter, a dispute arose as to the amount owed Piazza under the contract for its work.

On May 21, 2002 Piazza served Mahopac with a request for mediation seeking to recover damages in the sum of $1,259,900. From May 2002 until September 2003 Piazza and Mahopac participated in a series of discussions and meetings to resolve the dispute. Finally, by letter dated September 24, 2003, Mahopac advised Piazza that, "we believe that no useful purpose would be served by participating in a mediation with [Piazza] at this time." On November 22, 2003 Piazza served Mahopac with a notice of claim seeking damages in the sum of $1,726,589.73, for breach of contract. Several days later, Mahopac rejected the notice of claim as untimely served.

Pursuant to Education Law § 3813, no action may be maintained against, among others, a school district, unless a notice of claim was served within three months of the date on which the claim accrued (see Education Law § 3813 [1]; *C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *H. Verby Co. v Carle Place Union Free*

*School Dist.,* 5 AD3d 730 [2004]). Further, an action against a school district must be commenced within one year after the cause of action arose (*see* Education Law § 3813 [2-b]; *Allshine, C.S. v South Orangetown Cent. School Dist.,* 305 AD2d 617, 618 [2003]; *Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773, 775 [1994]). In actions "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]).

Here, Mahopac failed to establish that Piazza's request for payments were either expressly or constructively rejected prior to September 24, 2003 (*see Mitchell v Board of Educ. of City School Dist. of City of N.Y.,* 15 AD3d 279, 280-281 [2005]; *Memphis Constr. v Village of Moravia,* 59 AD2d 646, 647 [1977]; cf. *Alfred Santini & Co. v City of New York,* 266 AD2d 119, 120 [1999]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.,* 258 AD2d 434, 435 [1999]). Accordingly, the notice of claim, served on November 22, 2003, was timely. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.