■ CSEA EMPLOYEE BENEFIT FUND, Respondent-Appellant, v WARWICK VALLEY CENTRAL SCHOOL DISTRICT, Appellant-Respondent. [828 NYS2d 179]—

In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated March 24, 2005, as denied its motion to dismiss the complaint and granted that branch of the plaintiff's cross motion which was pursuant to Education Law § 3813 (2-a) for leave to serve a late notice of claim, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for leave to enter a judgment against the defendant upon its default in appearing and answering.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The complaint was deficient inasmuch as it failed to state that a timely notice of claim had been served upon the defendant school district (*see* Education Law § 3813 [1]). Thus, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against the defendant (*see Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999]; *Cree v Cree*, 124 AD2d 538, 541 [1986]).

Under the circumstances presented, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim and, in effect, to amend the complaint in order to comply with the pleading requirements of Education Law § 3813 (1). As a general rule, no action may be maintained against a school district unless a notice of claim is served on the governing body of the district within three months of the date on which the claim accrued (*see* Education Law § 3813 [1]; *Allshine, C.S. v South Orangetown Cent. School Dist.*, 305 AD2d 617, 617-618 [2003]). Nevertheless, a court may entertain an application to serve a late notice of claim, provided that any extension granted does not permit such service to be made more that one year after the cause of action arose, the time limit for the commencement of an action (*see* Education Law § 3813 [2-a],

[2-b]). "As a general rule in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" (*Matter of Prote Contr. Co. v Board of Educ. of City of N.Y.*, 198 AD2d 418, 420 [1993]). Here, the contract required the defendant to make monthly payments to the plaintiff; thus, a new breach occurred, for statute of limitations purposes, each time the defendant failed to make a required payment (*see Beller v William Penn Life Ins. Co. of N.Y.*, 8 AD3d 310, 313-314 [2004]; *Stalis v Sugar Cr. Stores*, 295 AD2d 939, 940-941 [2002]). For the limited purpose of this appeal, we need not decide whether part of the damages sought by the plaintiff may be time-barred, and consequently, we express no view on that issue. We determine only that at least part of the plaintiff's claim for damages was not time-barred when the application for leave to serve a late notice of claim was made and, therefore, the court had discretion to entertain the application (*see* Education Law § 3813 [2-a], [2-b]). Moreover, the court properly determined that, by April or May of 2004, the defendant had acquired sufficient knowledge of the essential facts upon which the plaintiff's claim was based so that it would not be prejudiced by the late notice (*see Rutigliano v Board of Educ. of City of N.Y.*, 176 AD2d 866, 867 [1991]). Accordingly, the court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim (*cf. Matter of Piazza Bros., Inc. v Board of Educ. of Mahopac Cent. School Dist.*, 29 AD3d 701 [2006]; *D.J.H. Mech. Assoc., Ltd. v Mahopac Cent. School Dist.*, 21 AD3d 521 [2005]).

The parties' remaining contentions are without merit. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.