Elizabeth Weiss, Respondent, v Fire Extinguisher Services Co., Inc., et al., Appellants. (And a Third-Party Action.) [921 NYS2d 105]—

In an action to recover damages for personal injuries, the defendant Fire Extinguisher Services Co., Inc. appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated October 29, 2008, as granted that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court dated November 18, 2009, as, upon

reargument, vacated so much of the order dated October 29, 2008, as granted that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and thereupon denied that branch of its motion, and the defendant Cushman & Wakefield separately appeals, as limited by its brief, from so much of (1) the order dated October 29, 2008, as granted that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) the order dated November 18, 2009, as granted that branch of the plaintiff's motion which was for leave to reargue her opposition to that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it and, upon reargument, vacated so much of the order dated October 29, 2008, as granted that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it and thereupon denied that branch of its cross motion.

Ordered that the appeals from the order dated October 29, 2008, are dismissed, as that order was vacated by the order dated November 18, 2009, and, in any event, the appellants are not aggrieved by the order dated October 29, 2008 (see CPLR 5511); and it is further,

Ordered that the order dated November 18, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

" 'Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision' " (Barnett v Smith, 64 AD3d 669, 670-671 [2009], quoting E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [2007] [internal quotation marks omitted]; see CPLR 2221 [d]). Contrary to the contention of the defendant Cushman & Wakefield (hereinafter C & W), the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue.

Upon reargument, the Supreme Court properly denied that branch of C & W's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In opposition to C & W's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact, inter alia, as to whether the subject fire extinguisher was in a dangerous or defective condition, and, if so, whether C & W created or had actual or constructive notice of the dangerous or

defective condition (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]; *see also Badea v Seneca Ins. Co.*, 203 AD2d 98 [1994]).

Upon reargument, the Supreme Court also properly denied that branch of the cross motion of the defendant Fire Extinguisher Services Co., Inc. (hereinafter FES), which was for summary judgment dismissing the complaint insofar as asserted against it. Although FES demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the plaintiff was not a party to its contract to install and maintain certain fire extinguishers on the premises and that it therefore owed no duty of care to the plaintiff (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]; *Baratta v Home Depot USA*, 303 AD2d 434, 434-435 [2003]), in opposition, the plaintiff raised a triable issue of fact as to whether FES launched a force or instrument of harm by improperly installing or situating the subject fire extinguisher (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.