In an action to recover damages for breach of contract and for a judgment declaring, inter alia, that the defendant is contractually obligated to pay the plaintiff assessments as the owner of 24 lots in a residential subdivision in Patterson, New York, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated August 16, 2011, as granted those branches of the plaintiff’s motion which were for leave to reargue its opposition to the defendant’s prior motion for summary judgment dismissing the complaint, which had been granted in a prior order of the same court dated February 24, 2011, and for leave to reargue its prior cross motion to dismiss certain affirmative defenses, which had been denied in the order dated February 24, 2011, and, upon re-argument, vacated the determinations in the order dated February 24, 2011, granting that branch of the defendant’s prior motion which was for summary judgment dismissing the complaint on the ground that it is preempted by the Martin Act and denying those branches of the plaintiffs prior cross motion which were to dismiss the affirmative defenses based on Martin Act preemption and lack of standing, and thereupon denied that branch of the defendant’s prior motion which was for summary judgment dismissing the complaint on the ground that it is *821 preempted by the Martin Act and, in effect, denied those branches of the defendant’s prior motion which were for summary judgment dismissing the complaint as time-barred and barred by the plaintiffs bylaws and dismissing the third and fourth causes of action for lack of standing, and granted those branches of the plaintiff’s prior cross motion which were to dismiss the affirmative defenses based on Martin Act preemption and lack of standing, and denied that branch of its cross motion which was to vacate a recorded lien and lis pendens.
Ordered that the order dated August 16, 2011, is affirmed insofar as appealed from, with costs, and, upon searching the record, summary judgment is awarded to the plaintiff dismissing the affirmative defense based on the statute of limitations.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was for leave to reargue (see CPLR 2221 [d]; Weiss v Fire Extinguisher Servs. Co., Inc., 83 AD3d 822, 823 [2011]).
Upon reargument, the Supreme Court properly denied that branch of the defendant’s prior motion which was for summary judgment dismissing the complaint on the ground that it is preempted by the Martin Act (see General Business Law art 23-A). Since the plaintiff’s common-law causes of action to recover damages for breach of contract and derivative declaratory judgment causes of action are not “predicated solely on a violation of the Martin Act or its implementing regulations,” they are not preempted by the Martin Act {Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc., 18 NY3d 341, 353 [2011]; see Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership, 12 NY3d 236, 245-247 [2009]; Caboara v Babylon Cove Dev., LLC, 82 AD3d 1141, 1142-1143 [2011]; Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC, 71 AD3d 935, 936 [2010]; cf. Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc., 65 AD3d 1284, 1287 [2009]). Accordingly, upon reargument, the Supreme Court also properly granted that branch of the plaintiffs prior cross motion which was to dismiss the affirmative defense based on Martin Act preemption.
In addition, upon reargument, the Supreme Court properly, in effect, denied that branch of the defendant’s prior motion which was for summary judgment dismissing the complaint on the ground that it was barred by the plaintiffs bylaws. The defendant failed to submit evidence establishing, prima facie, that the plaintiff violated any provision of its bylaws.
Moreover, upon reargument, the Supreme Court properly, in effect, denied that branch of the defendant’s prior motion which *822 was for summary judgment dismissing the complaint as time-barred. A cause of action to recover damages for breach of contract accrues, and the relevant six-year statute of limitations begins to run, at the time of the alleged breach (see CPLR 213 [2]; Senter v Gitlitz, 97 AD3d 808, 808 [2012]). “[W]here a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period” (Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1228 [2009] [internal quotation marks omitted]; see Better v William, Penn Life Ins. Co. of N.Y., 8 AD3d 310, 314 [2004]). Here, the alleged breach is of the defendant’s obligation to pay annual assessments to the plaintiff. Thus, a new breach occurred for statute of limitations purposes each year the defendant failed to make an allegedly required payment to the plaintiff (see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d at 1228; CSEA Empl. Benefit Fund v Warwick Val. Cent. School Dist., 36 AD3d 582, 584 [2007]). Since the plaintiff only seeks damages for alleged breaches that occurred within the six years prior to the commencement of this action, the causes of action to recover damages for breach of contract are not time-barred. The same six-year statute of limitations governs the plaintiff’s declaratory judgment causes of action (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 40-41 [1995]) and, therefore, they also are not time-barred. Accordingly, since, inter alia, there is no triable issue of fact as to when the plaintiffs causes of action accrued, upon searching the record, we award summary judgment to the plaintiff dismissing the affirmative defense based on the statute of limitations (see CPLR 3212 [b]; Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]; Merritt Hitt Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]).
The defendant’s remaining contentions are either without merit or improperly raised for the first time on appeal.
Balkin, J.R, Lott, Austin and Sgroi, JJ., concur.