OPINION OF THE COURT
Elizabeth H. Emerson, J.
It is ordered that this motion by the defendant Town of Brookhaven for reargument of its cross motion for partial summary judgment dismissing the first through fourth causes of action, which was granted in part and denied in part by an order of this court dated February 26, 2015, is granted; and it is further ordered that, upon reargument, the court adheres to its prior determination for the reasons set forth below.
In 2003, the defendant Town of Brookhaven (the Town) solicited proposals for the services of a professional consultant to assist it in developing wireless telecommunications facilities on town-owned properties. The plaintiff submitted a proposal that the Town found to be acceptable. On May 7, 2003, the plaintiff and the Town entered into a written contract in which the plaintiff agreed to identify specific locations on town-owned properties where telecommunications towers could be built, to construct such towers, and to lease them to telecommunications carriers. The monthly rental revenue would be split between the plaintiff and the Town 60/40 during the initial five-year term of the contract and during two subsequent five-year renewal terms and 50/50 during the third five-year renewal term. Additional renewals would be at the Town’s sole option. The plaintiff identified 28 town-owned properties where telecommunications towers could be built, which it later narrowed down to five. They were the Center Moriches Department of Public Works yard in Center Moriches, the Brookhaven Landfill in Yaphank, the Brookhaven Airport in Shirley, the Centereach Pool in Centereach, and the Veterans’ Ballfield in North Selden. On or about August 23, 2007, the plaintiff submitted applications to the Town to construct wireless telecommunications towers on each of the five sites. In addition, the plaintiff identified and contacted site-acquisition agents for various telecommunications carriers in order to enter into rental agreements with the carriers. Among them were the defendants Edward Mooney; Joy Mooney-Graziano; Mid-Atlantic Wireless, LLC; Site Tech Wireless, LLC; Suffolk *572 Towers, Inc.; Suffolk Towers II, LLC; and Highlander Wireless, all of which are owned or controlled by the defendants Edward Mooney and Joy Mooney-Graziano (collectively the Mooney defendants). The Mooney defendants were engaged in the business of developing wireless communication sites on Long Island and were the plaintiffs competitors.
By a letter dated February 15, 2008, the Town advised the plaintiff that another company was inquiring about the same sites and that the plaintiffs applications could not be accepted for two of the sites, the Centereach Pool and the Veterans’ Ball-field, because they were designated public parklands. In the first half of 2009, the Town Board passed a series of resolutions approving the construction of telecommunications towers by the defendant Mid-Atlantic Wireless, LLC, on the Centereach Pool and Brookhaven Landfill sites. On July 28, 2009, the Town executed contracts with the Mooney defendants for both of those sites. The Veterans’ Ballfield site was never developed. The plaintiff commenced this action on September 16, 2010 against the Mooney defendants, the Town and the Town’s Department of Finance (the Town defendants). The plaintiff alleged that the Mooney defendants conspired with the Town to cause it to contract with them instead of with the plaintiff to construct wireless communication towers on the Centereach Pool and the Brookhaven Landfill sites, causing the plaintiff to lose its share of the rental revenues therefrom. The complaint contains five causes of action, the first four of which are asserted against the Town defendants. The first is for breach of contract, the second for breach of the implied covenant of good faith and fair dealing, the third for fraud, and the fourth for an accounting. The Mooney defendants moved and the Town defendants cross-moved for summary judgment dismissing the complaint insofar as it was asserted against them. By an order of this court dated February 26, 2015, the Town’s cross motion was granted to the extent of dismissing the second and third causes of action and the first cause of action only insofar as it sought to recover damages that accrued more than 18 months before the commencement of the action. The cross motion was otherwise denied. The Town now moves for reargument of so much of the order as denied the cross motion.[1]
Applying the continuing-wrong doctrine, the court declined to dismiss as time-barred the first cause of action for breach of *573 contract. The court found that the plaintiffs breach-of-contract claim accrued when the Town failed to turn over to the plaintiff its share of the rental revenues from the two sites in question and that a new breach occurred for statute of limitations purposes each time the Town defendants allegedly failed to make a required monthly payment to the plaintiff. On reargument, the Town contends that the court erred in applying the continuing-wrong doctrine to the plaintiff’s breach-of-contract claim. The Town contends that that claim accrued, at the latest, in December 2008, when the Mooney defendants began developing the sites. The Town contends that the continuing-wrong doctrine cannot be used to extend the statute of limitations when, as here, it is predicated on the continuing effects of earlier wrongful conduct.
The continuing-wrong doctrine tolls running of the statute of limitations to the date of the commission of the last wrongful act when there is a series of continuing wrongs (Shelton v Elite Model Mgt., Inc., 11 Misc 3d 345, 360-361 [2005], abrogated on other grounds by Rhodes v Herz, 84 AD3d 1 [2011]). In contract actions, it is applied to extend the statute of limitations when the contract imposes a continuing duty on the breaching party (Hudson v Delta Kew Holding Corp., 43 Misc 3d 1223[A], 2014 NY Slip Op 50756 [U], *8 [Sup Ct, Suffolk County 2014] [and cases cited therein]). It is an exception to the general rule that the statute of limitations for breach of contract runs from the time of the breach though no damage occurs until later (id., citing Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]). As in tort actions, the doctrine is predicated on continuing wrongful acts and not on the continuing effects of earlier wrongful conduct (id.). Moreover, there must be an affirmative breach of the contract within the applicable statutory limitations period, and recovery of damages is limited to those wrongs committed within such period (id. [and cases cited therein]).
In New York, there is an implied covenant of good faith and fair dealing in the course of contract performance which encompasses a pledge that neither party will do anything to destroy or injure the right of the other party to receive the fruits of the contract (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]). The implied covenant of good faith and fair dealing is breached when a party to a contract acts in a manner that, although not expressly forbid *574 den by any contractual provision, would deprive the other party of the right to receive benefits under their agreement (Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 514 [1999]). Thus, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff (id.).
The court finds that the Town had a continuing duty to act in good faith and deal fairly with the plaintiff in the performance of their agreement. The plaintiff alleges facts that tend to show that the Town breached such duty by negotiating and entering into a contract with the Mooney defendants to build telecommunications towers on two of the sites on which the plaintiff had a contractual right to build the same towers. Specifically, the plaintiff alleges that, beginning in 2008, the Town engaged in a series of wrongful acts that culminated with the Town executing contracts with the Mooney defendants on July 28, 2009, for the two sites in question. The effect of the Town’s alleged wrongful conduct was to deprive the plaintiff of the benefits of their agreement, i.e., the right to receive a portion of the rental income from the towers built on the sites.
An action against a town for breach of contract must be commenced within 18 months after the cause of action accrued (see Town Law § 65). Applying the continuing-wrong doctrine, the court finds that the plaintiff’s breach-of-contract claim against the Town accrued on July 28, 2009, the date of the last alleged wrongful act. This action was commenced on September 16, 2010, which is within 18 months of July 28, 2009. Accordingly, the court adheres to its prior determination and declines to dismiss as time-barred the first cause of action for breach of contract.[2]
In reaching its determination, the court had not considered the Court of Appeals case submitted by the Town after the return date of the motion.

. The Town makes no arguments with respect to the fourth cause of action for an accounting. Accordingly, the court will limit its analysis to the first cause of action for breach of contract.

. The court dismissed as duplicative the second cause of action against the Town for breach of the implied covenant of good faith and fair dealing, which was based on the same facts and sought the same measure of damages as the first cause of action for breach of contract. Accordingly, the plaintiff’s claim for breach of the covenant of good faith and fair dealing is included in the first cause of action for breach of contract against the Town.