■ NICHOLAS CIOFFI, Respondent, v RARITAN BUILDING SERVICES CORP., Defendant, and DIVERSIFIED MAINTENANCE SYSTEMS, LLC, Appellant. [13 NYS3d 901]—

In an action to recover damages for personal injuries, the defendant Diversified Maintenance Systems, LLC, appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated January 24, 2014, as denied its motion pursuant to CPLR 4102 (e) for leave to serve and file a late demand for a jury trial, and (2) from an order of the same court dated April 15, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated January 24, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 15, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On May 25, 2011, the plaintiff allegedly was injured when, while carrying deli products to a display case, he slipped and fell near the seafood counter in the course of his employment at a Pathmark Supermarket in Richmond County. In September 2012, he commenced this action against, among others, the defendant Diversified Maintenance Systems, LLC (hereinafter DMS), which, pursuant to a contract, performed nightly cleaning services at the supermarket. After the plaintiff filed a note of issue and certificate of readiness and requested a nonjury trial, DMS filed a jury demand, which the clerk of the Supreme Court rejected as untimely. Thereafter, DMS moved for leave to file and serve a late demand for a jury, and separately moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied both motions. DMS appeals.

" 'Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party' " (*Bono v Halben's Tire City, Inc.*, 84 AD3d 1137, 1139 [2011], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]). Exceptions to this general rule exist (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140).

Here, DMS established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it owed no duty of care to the plaintiff since he was not a party to its cleaning service agreement with a nonparty entity (*see Javid v Sclafmore Constr.*, 117 AD3d 907 [2014]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). However, in opposition, the plaintiff raised a triable issue of fact as to whether DMS launched an instrument of harm in the course of cleaning the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Weiss v Fire Extinguisher Servs. Co., Inc.*, 83 AD3d 822, 824 [2011]). Accordingly, the Supreme Court properly denied DMS's motion for

summary judgment dismissing the complaint insofar as asserted against it.

Contrary to DMS's contention, the Supreme Court did not improvidently exercise its discretion in denying its motion pursuant to CPLR 4102 (e) for leave to serve and file a late demand for a jury trial (*see generally Caruso, Caruso & Branda, P.C. v Hirsch*, 60 AD3d 886, 887 [2009]; *Skelly v Sachem Cent. School Dist.*, 309 AD2d 917, 918 [2003]). Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.