■ AFFORDABLE HOUSING ASSOCIATES, INC., Doing Business as BEACON WIRELESS MANAGEMENT, Respondent, v TOWN OF BROOKHAVEN et al., Appellants, et al., Defendants. [54 NYS3d 122]—

Appeal from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated July 29, 2015. The order, insofar as appealed from, upon reargument, adhered to the determination in an order dated February 26, 2015, inter alia, denying that branch of the cross motion of the defendants Town of Brookhaven and the Town of Brookhaven Department of Finance which was for summary judgment dismissing the cause of action alleging breach of contract as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was in the business of "rendering professional planning and consulting services concerning the siting and development of wireless telecommunications facilities, and for the administration and management of leases and agreements for the siting, construction and leasing of such facilities." On May 7, 2003, the plaintiff and the defendant Town of Brookhaven entered into a "Consulting Services Agreement," pursuant to which the plaintiff was required to identify specific locations on "Town-owned properties . . . for the placement of wireless telecommunications facilities," and prepare a "final comprehensive plan (map) identifying Town property suitable for the leasing and placement of wireless facilities" (hereinafter the Agreement). The Agreement provided that the plaintiff "shall construct each wireless facility as approved by the Town that is deemed necessary to accommodate areas classified as 'dead spots' as identified in Maps prepared pursuant to this Agreement." The Agreement also stated that, "[i]n consideration of the substantial financial investments and obligations incurred by [the plaintiff] with regard to the siting, and [the plaintiff's] construction of the wireless facilities on Town-owned property, leases entered into with Telecommunication providers will be with [the plaintiff] directly as authorized by the Town." The Agreement provided that the gross monthly rental revenue

would be split 60/40 between the plaintiff and the Town during the initial five-year term, plus two additional five-year renewal terms, and 50/50 during the third five-year renewal term. It also provided that the Town "shall have the right to terminate this Agreement for any or no reason prior to the expiration of the term upon giving [the plaintiff] at least fifteen (15) days notice of such termination."

On August 23, 2007, the plaintiff submitted an application to the Town to construct wireless telecommunication facilities on five Town-owned properties. Thereafter, on July 28, 2009, the Town entered into two contracts with the defendant Mid-Atlantic Wireless, LLC (hereinafter Mid-Atlantic), for the construction of wireless telecommunication towers on two of the sites that were purportedly included in the plaintiff's application.

In September 2010, the plaintiff commenced this action against the Town and the Town of Brookhaven Department of Finance (hereinafter together the Town defendants), seeking an accounting and to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. The complaint also alleged a cause of action against the defendants Mid-Atlantic, Site Tech Wireless, LLC, Edward Mooney, Joy Mooney-Graziano, Suffolk Towers, Inc., Suffolk Towers II, LLC, and Highlander Wireless (hereinafter collectively the Mooney defendants) to recover damages for tortious interference with contract.

The Town defendants subsequently cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated February 26, 2015, the Supreme Court granted those branches of the Town defendants' cross motion which were for summary judgment dismissing the causes of action alleging breach of the implied covenant of good faith and fair dealing, and fraud, and denied that branch of the cross motion which was for summary judgment dismissing the cause of action alleging breach of contract. The court rejected the Town defendants' argument that the breach of contract claim was time-barred. It held that "the plaintiff's breach-of-contract claim accrued when the Town failed to perform under its agreement with the plaintiff, i.e., when the Town failed to turn over to the plaintiff its share of the rental revenues from the two sites" and "a new breach occurred for statute-of-limitations purposes each time the Town defendants allegedly failed to make a required monthly payment to the plaintiff, and only those claims for damages that accrued more than 18 months before the commencement of this action are

time-barred" (*Affordable Hous. Assoc., Inc. v Town of Brookhaven*, 2015 NY Slip Op 30358[U], \*3 [Sup Ct, Suffolk County 2015]). By decision and order of this Court dated November 30, 2015, the Town defendants' motion to withdraw their appeal from the order dated February 26, 2015, was granted.

Thereafter, the Town defendants moved, in effect, for leave to reargue that branch of their cross motion which was for summary judgment dismissing the cause of action alleging breach of contract as time-barred. In an order dated July 29, 2015, the Supreme Court, upon reargument, adhered to its prior determination concerning the issue of whether the breach of contract claim was time-barred. It held that, "[t]he plaintiff alleges facts that tend to show that the Town breached [the implied covenant of good faith and fair dealing] by negotiating and entering into a contract with the Mooney defendants to build telecommunications towers on two of the sites on which the plaintiff had a contractual right to build the same towers" (*Affordable Hous. Assoc., Inc. v Town of Brookhaven*, 49 Misc 3d 570, 574 [Sup Ct, Suffolk County 2015]). The court then determined that, "[a]pplying the continuing-wrong doctrine, . . . the plaintiff's breach-of-contract claim against the Town accrued on July 28, 2009, the date of the last alleged wrongful act" (*id.* at 574). The Town defendants appeal.

Town Law § 65 (3) provides that, "no action shall be maintained against a town upon or arising out of a contract entered into by the town unless the same shall be commenced within eighteen months after the cause of action thereof shall have accrued." "A cause of action to recover damages for breach of contract accrues . . . at the time of the alleged breach" (*Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d 820, 822 [2013]; *see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d 1226, 1228 [2009]). "[W]here a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period" (*Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d at 822 [internal quotation marks omitted]; *see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d at 1228).

As a threshold matter, the Supreme Court erred in applying the continuing wrong doctrine. The continuing wrong doctrine "is usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act" (*Selkirk*

*v State of New York*, 249 AD2d 818, 819 [1998]). The doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (*id.* at 819; *see Thomas v City of Oneonta*, 90 AD3d 1135, 1136 [2011]). "In contract actions, the doctrine is applied to extend the statute of limitations when the contract imposes a continuing duty on the breaching party" (*Henry v Bank of Am.*, 147 AD3d 599, 601 [2017]; *see Bulova Watch Co. v Celotex Corp.*, 46 NY2d 606, 611 [1979]). Here, the alleged wrong was the Town entering into contracts with Mid-Atlantic and, contrary to the court's finding, there was no breach of a recurring duty imposed on the Town under the Agreement (*cf. Keles v Hultin*, 144 AD3d 988, 989 [2016]; *Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d at 822; *Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 65 AD3d at 1228).

Nevertheless, the Supreme Court properly, upon reargument, adhered to its original determination denying that branch of the Town defendants' cross motion which was for summary judgment dismissing the cause of action alleging breach of contract as time-barred. Contrary to the Town defendants' contention, the cause of action alleging breach of contract accrued, at the latest, on July 28, 2009, when the Town entered into two contracts with the Mooney defendants to construct wireless telecommunication towers on two sites that were purportedly included in the plaintiff's application dated August 23, 2007. Since this action was commenced within 18 months of the accrual date, it was not time-barred (*see* Town Law § 65 [3]).

The Town defendants also argue that the Supreme Court should have granted that branch of their cross motion which was for summary judgment dismissing the cause of action alleging breach of contract on the ground that the Agreement was nonexclusive, and therefore, the Town did not breach the Agreement by contracting with Mid-Atlantic. This contention was not raised in the Town defendants' reargument motion and is not properly before this Court. The order appealed from only addressed reargument of that branch of the Town defendants' cross motion which was for summary judgment dismissing the breach of contract claim as time-barred. Since the Town defendants withdrew their appeal from the order dated February 26, 2015, this argument is not properly before us in connection with their appeal from the order dated July 29, 2015. Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.