■ LAURA SASSO et al., Appellants, v CITY OF YONKERS et al., Respondents. [623 NYS2d 303] —In an action to recover damages pursuant to Labor Law § 201-c, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered April 15, 1993, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In 1992 the plaintiffs, who were police officers employed by the City of Yonkers Police Department, decided to adopt an infant. Subsequent to the adoption, the defendant Robert Olson, Commissioner of Police, disallowed the plaintiffs' use of paid sick leave for the purpose of remaining at home to care

for the infant. The Commissioner determined that the use of sick leave was permitted only where there was an injury, illness, or disability. However, the Commissioner agreed to permit the plaintiff Laura Sasso to use her vacation time or to take an unpaid leave of absence to care for her child. The plaintiffs commenced this action claiming that the Commissioner's determination violated Labor Law § 201-c, because the plaintiffs, as adoptive parents, were not afforded the same terms of leave as biological parents working for the Yonkers Police Department.

Although the plaintiffs were subject to a collective bargaining agreement that governed the terms of their employment during the period of March 1, 1991, and February 28, 1993, they contend that their right to "pregnancy leave" was governed by Yonkers Police Department Policy & Procedure No. 344.4.

Although it is well settled that disability due to pregnancy must not be treated differently from other disabilities (cf., Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371, 375-376), nevertheless, where a collective bargaining agreement clearly sets forth a grievance procedure as a condition precedent to commencing an action for claims based upon specific provisions of the agreement, that procedure must be followed (see, Matter of Board of Educ. v Yonkers Fedn. of Teachers, 81 AD2d 585; cf., Berlyn v Board of Educ., 80 AD2d 572, 573, affd 55 NY2d 912). Here, the plaintiffs are claiming sick leave benefits, which are provided by the collective bargaining agreement. While the relevant portion of Yonkers Police Department Policy & Procedure No. 344.4 discusses the use of sick leave benefits, it is not the source of those benefits.

The plaintiffs clearly had a cause of action under Labor Law § 201-c if they were not being afforded the same leave and upon the same terms as biological parents; nevertheless, the collective bargaining agreement is the source of these terms, and the issue of whether the defendants were granting sick leave to non-disabled police officers for the purpose of child care should have been resolved, in the first instance, through the grievance procedure (see, Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn. 48 NY2d 669, 671; see also, Rieder v State Univ., 47 AD2d 865, affd 39 NY2d 845; Adelphi Enters. v Mirpa, Inc., 33 AD2d 1019).

There is no merit to the plaintiffs' remaining contentions. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.