■ In the Matter of MARGARET SERRINGER, Respondent-Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF TUXEDO PARK et al., Appellants-Respondents. [697 NYS2d 124] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Village of Tuxedo Park to reinstate the petitioner to its payroll, the Board of Trustees of the Village of Tuxedo Park, the Mayor, and other Village officials appeal from so much of a judgment of the Supreme Court, Orange County (Berry, J.), dated July 10, 1998, as, upon denying the petition and dismissing the proceeding, granted the petitioner leave to submit her claims to arbitration, and the petitioner cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, and the petitioner is denied leave to submit her claims to arbitration; and it is further,

Ordered that the appellants are awarded one bill of costs.

It is well settled that where " 'an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed * * * in accordance with the contract' " (*Tomlinson v Board of Educ.,* 223 AD2d 636, 637, quoting *Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508; *Sasso v City of Yonkers,* 213 AD2d 392).

Here, the petitioner was subject to a collective bargaining agreement between the Village of Tuxedo Park and her union which provided for a four-step grievance procedure culminating in arbitration. The agreement specified that completion of the first three steps of the grievance procedure was a condition

precedent to arbitration. Since the petitioner commenced the instant proceeding instead of following the grievance procedures outlined in the agreement, the Supreme Court properly dismissed the petition. However, since the fulfillment of a condition precedent to arbitration is a "precondition to access to the arbitral forum" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7-8; *see also, Matter of Board of Educ. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 855), the court erred in granting the petitioner leave to submit her claims to arbitration. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.