In the Matter of TOWN OF NORTH HEMPSTEAD, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. [912 NYS2d 67]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration pursuant to a collective bargaining agreement, the Civil Service Employees Association, Inc. appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered December 16, 2009, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

By letter dated April 22, 2009, the Town of North Hempstead terminated the employment of an employee. The employee's union, the Civil Service Employees Association, Inc. (hereinafter CSEA), sent a letter dated April 24, 2009, to the Town's attorney "[i]n accordance with the collective bargaining agreement between CSEA and the Town," advising the Town of CSEA's "intent to proceed to arbitration" in the matter. On June 22, 2009, the American Arbitration Association (hereinafter the AAA) received a demand for arbitration from CSEA regarding the termination of the employee's employment.

Shortly thereafter, the Town brought this proceeding to stay the arbitration, arguing that pursuant to the parties' collective bargaining agreement (hereinafter the Agreement), as well as a subsequent stipulation entered into between the parties in 2008 (hereinafter the Stipulation), the demand for arbitration to the AAA had to be made within 10 days after the termination of the employee's employment, or, in this case, by May 4, 2009. Thus,

the Town concluded that the demand herein was untimely, and that it was entitled to a permanent stay of arbitration. The Supreme Court granted the petition, stating, in part, that "[t]here is no precedent for finding that notice to the [Town] of an intent to arbitrate also constitutes timely notice to the AAA as required by the [2008 stipulation]." We reverse.

As a threshold matter, we note that the Stipulation specifically provides that the Agreement's time "deadlines . . . are conditions precedent to arbitration." Accordingly, contrary to CSEA's contention on appeal, the issue of whether its demand for arbitration was timely made to the AAA was for the court, and not the arbitrator, to determine (*see Matter of All Metro Health Care Servs. Inc., v Edwards*, 57 AD3d 892, 893 [2008]; *see also Matter of Cassone*, 63 NY2d 756, 759 [1984]; *Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc.*, 71 AD3d 904 [2010]).

Section XII (C) (5) of the Agreement, entitled "Disciplinary Review Procedure" provides for a "Step 1" and a "Step 2." Step 1 of the procedure provides that an employee may, within 10 days after he/she is disciplined or is served with notice of disciplinary charges, "present . . . objection in writing" to the Town. If this is done, it "starts the clock" on a 15-day period within which the Town must "make a written determination." However, no Step 1 process occurred in the case at bar. Although the employment was terminated as of April 22, 2009, the date of the letter sent to the employee, there is no indication that the employee thereafter availed himself of his right to "present objection in writing" to the Town.

Instead, the circumstances of the case at bar are governed solely by Step 2 of Section XII (C) (5) of the Agreement. This paragraph provides that "[w]ithin ten (10) business days after . . . discharge . . . only the Union may proceed to Disciplinary Arbitration by written notification to . . . the . . . Town Attorney, *and* in accordance with the rules and requirements of the [AAA] as they relate to Labor Arbitration" (emphasis added). The language does not require that a demand for arbitration be made to the AAA within that 10-day period; it requires only that the Town be notified within such period. Indeed, if the clause intended that a demand for arbitration also had to be made to the AAA 10 days after discharge, it should have read: "within ten days after . . . discharge . . . only the Union may proceed to Disciplinary Arbitration by written notification to [the Town] and by a demand to the AAA." In addition, it is undisputed that AAA rules do not impose any time limits on filing a demand for arbitration.

Similarly, under the circumstances of this case, CSEA was not required by the terms of the 2008 Stipulation to file a demand for arbitration with the AAA within 10 days of the letter dated April 22, 2009. The Stipulation states, in pertinent part that, "demands for disciplinary arbitration by the [CSEA] must be filed within ten (10) business days of its *notification of the Town's decision reached in Step I of the Disciplinary Procedure*, by filing a written demand for arbitration with the [AAA] and by providing written notification to [the Town] pursuant to Section XII (C) of the [Agreement]" (emphasis added). Unlike the language in the Agreement, the Stipulation makes clear that the 10-day period refers both to notification to the Town and to a demand for arbitration made to the AAA. However, the Stipulation also clearly states that the "trigger" for this 10-day clock is "notification of the Town's decision reached in Step I of the Disciplinary Procedure." Referring back to the language used in the Agreement to describe "Step 1 of the Disciplinary Procedure," it is clear that the phrase "decision reached" refers to the determination made by the Town after an employee has availed himself of the right to file written objection to the Town's disciplinary action or charges. However, if, as here, the employee has not filed such objection, the Step 1 process never commences, and the Town never renders a Step 1 determination. In other words, the language of the Stipulation, requiring that a demand for arbitration be made to the AAA within 10 days, refers only to those situations where there has been a Step 1 disciplinary procedure. When no such Step 1 procedure has taken place, the 10-day rule for making a demand for arbitration to the AAA is inapplicable. Moreover, to the extent that the subject language governing the time to demand arbitration may be ambiguous, it should be resolved in favor of the employee's right to proceed to arbitration (*see generally Matter of City of Plattsburgh [Plattsburgh Police Officers Union AFSCME Local 82]*, 250 AD2d 327, 330 [1998]).

Consequently, it was error to conclude that CSEA's demand for arbitration to the AAA was untimely and thus failed to comply with a condition precedent to arbitration. Accordingly, the Town's petition should have been denied and the proceeding to stay arbitration dismissed. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.