■ In the Matter of INCORPORATED VILLAGE OF FLORAL PARK, Respondent, v FLORAL PARK POLICE BENEVOLENT ASSOCIATION, Appellant. [17 NYS3d 463]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the Floral Park Police Benevolent Association appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated September 30, 2013, which granted the petition to permanently stay arbitration and denied the cross petition to compel arbitration.

Ordered that the order is reversed, on the law, with costs, the petition to permanently stay arbitration is denied, the cross petition to compel arbitration is granted, and the parties are directed to proceed to arbitration.

The Floral Park Police Benevolent Association (hereinafter the PBA) filed a grievance alleging that its members, who worked during and in the aftermath of Superstorm Sandy, from October 29, 2012, through November 5, 2012, were entitled to additional compensation from the Incorporated Village of Floral Park pursuant to their Collective Bargaining Agreement (hereinafter the CBA). After the grievance was denied in the first three steps of the grievance procedure, the PBA demanded arbitration. The Village thereafter commenced this proceeding pursuant to CPLR article 75 to stay the arbitration, and the PBA cross-petitioned to compel arbitration. The Supreme Court granted the Village's petition and denied the PBA's cross petition. We reverse.

Public policy in New York favors arbitral resolution of public sector labor disputes (*see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d 465, 470 [2007]; *Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372 [1997]). However, a dispute between a public sector employer and employee is only arbitrable if it satisfies a two-prong test (*see Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d 694 [2015]; *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 747-748 [2010]). "Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d 721, 721-722 [2012]). If there is no prohibition against the arbitration, the court must determine whether the parties agreed to arbitrate the particular dispute by examining their collective bargaining agreement (*see Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d at 722; *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748).

Here, the Village does not assert on appeal that arbitration of this grievance was prohibited by statute or public policy, and we find no such prohibition. "In analyzing whether the parties in fact agreed to arbitrate the particular dispute, a court 'is merely to determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA' " (*Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d 665, 667 [2012], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 279 [2002] [internal quotation marks omitted]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). Here, the relevant arbitration provisions of the CBA are broad, as they provide for arbitration of any grievance, defined as "any claimed violation, misinterpretation or inequitable application of this Agreement," which remains unresolved following completion of step three of the grievance procedure. Moreover, there is a reasonable relationship between the subject matter of the dispute, which involves compensation over a specific time period, and the general subject matter of the CBA (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279-280; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d at 667). Contrary to the Village's contention, whether the evidence supports the grievance is a question for the arbitrator, and not the courts, to decide (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 142).

Moreover, the Village's contention that arbitration of the grievance was precluded because the PBA failed to comply with a condition precedent is without merit. The "threshold determination of whether a condition precedent to arbitration exists and whether it has been complied with, is for the court to determine" (*Matter of Village of Chester v Local 445, Intl. Bhd. of Teamsters*, 118 AD3d 1012, 1013 [2014]; *see Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc.*, 78 AD3d 847, 848 [2010]). By contrast, "[q]uestions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (*Matter of Enlarged City School Dist. of Troy [Troy Teachers*

*Assn.],* 69 NY2d 905, 907 [1987]; *see Matter of Triborough Bridge & Tunnel Auth. [Dist. Council 37 of Am. Fedn. of State, County & Mun. Empls., AFL-CIO],* 44 NY2d 967, 969 [1978]; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO,* 55 AD3d 731, 732 [2008]). As the CBA does not specify that a grievance must be personally pursued by an aggrieved member as a condition precedent to arbitration, the issue as to whether the PBA complied with the grievance process is one of procedural arbitrability to be resolved by the arbitrator (*see Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers],* 61 AD3d 1175, 1176 [2009]; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO,* 55 AD3d at 731-732; *cf. Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc.,* 78 AD3d at 847-848; *Matter of Serringer v Board of Trustees of Vil. of Tuxedo Park,* 265 AD2d 561, 561-562 [1999]).

The CBA provides that "[p]rescribed time limits shall be considered as statutes of limitations." Contrary to the Village's contention, the PBA complied with the requirement that a grievance be presented to and discussed with a supervisor "within fifteen (15) days of an alleged grievance." The PBA president discussed the grievance with his supervisor on December 22, 2012, which was two days after the Village first informed him that members of the Village's police department would not receive additional compensation for time worked from October 29, 2012, through November 5, 2012.

Accordingly, the Supreme Court should have denied the Village's petition to stay arbitration and granted the PBA's cross petition to compel arbitration, and we direct the parties to proceed to arbitration. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.