■ In the Matter of CITY OF YONKERS, Appellant, v YONKERS FIRE FIGHTERS, LOCAL 628, IAFF, AFL-CIO, Respondent. [60 NYS3d 244]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the City of Yonkers appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Ruderman, J.), entered February 24, 2016, as denied its petition to permanently stay arbitration and granted that branch of the cross motion of Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, which was to compel arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (hereinafter Local 628), filed a grievance, alleging, inter alia, that the City of Yonkers, through its third-party administrator, Pomco, Inc., engaged in a continuing practice of delaying and denying medical care and treatment to its members who had sustained General Municipal Law § 207-a line of duty injuries in violation of, among other things, Appendix C of the Collective Bargaining Agreement (hereinafter the CBA). After the grievance was denied in the first two steps of the grievance procedure, Local 628 demanded arbitration pursuant to step three of the procedure. The City thereafter commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration, and Local 628 cross-moved, inter alia, to compel arbitration. In an order entered February 24, 2016, the Supreme Court, among other things, denied the City's petition to permanently stay arbitration, and granted that branch of Local 628's cross motion which was to compel arbitration. We affirm the order insofar as appealed from.

Public policy in New York favors arbitral resolution of public sector labor disputes (*see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d 465, 470 [2007]; *Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372 [1997]). However, a

dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test (*see Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d 694 [2015]; *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 747-748 [2010]). "Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d 721, 721-722 [2012]). "If there is no prohibition against the arbitration, the court must determine whether the parties agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (*Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn.*, 131 AD3d 1240, 1241 [2015]; *see Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d at 722; *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748).

Here, the City does not assert on appeal that there is any statutory, constitutional, or public policy prohibition to arbitration of this grievance. "In analyzing whether the parties in fact agreed to arbitrate the particular dispute, a court 'is merely to determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA' " (*Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d 665, 667 [2012], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 279 [2002] [internal quotation marks omitted]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]; *Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn.*, 131 AD3d at 1242). Here, the relevant arbitration provisions of the CBA are broad, as they provide for arbitration of any grievance "involving the interpretation or application of any provision of this Agreement," which remains unresolved following completion of step two of the grievance procedure. Moreover, there is a reasonable relationship between the subject matter of the dispute, which involves the processing of General Municipal Law § 207-a benefits to firefighters injured in the line of duty, and Appendix C of the CBA which sets forth the procedures regulating "the application for, and the award of, benefits under section 207-a of the General Municipal Law" (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279-280; *Mat-*

ter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; *Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn.*, 131 AD3d at 1242; *Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d at 667).

The City's contention that arbitration was precluded because Local 628's grievance was not timely pursuant to step one of the grievance procedure is without merit. The "threshold determination of whether a condition precedent to arbitration exists and whether it has been complied with, is for the court to determine" (*Matter of Village of Chester v Local 445, Intl. Bhd. of Teamsters*, 118 AD3d 1012, 1013 [2014]; *see Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn.*, 131 AD3d at 1242; *Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc.*, 78 AD3d 847, 848 [2010]). By contrast, "[q]uestions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (*Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 907 [1987]; *see Matter of Triborough Bridge & Tunnel Auth. [Dist. Council 37 of Am. Fedn. of State, County & Mun. Empls., AFL-CIO]*, 44 NY2d 967, 969 [1978]; *Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn.*, 131 AD3d at 1242; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d 731, 732 [2008]). As the CBA does not specify that timely commencement of the grievance is a condition precedent to arbitration, the issue of whether Local 628 timely initiated the grievance at step one must be resolved by the arbitrator, not the court (*see Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers]*, 61 AD3d 1175, 1176 [2009]; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d at 731-732; *cf. Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc.*, 78 AD3d at 848; *Matter of Serringer v Board of Trustees of Vil. of Tuxedo Park*, 265 AD2d 561, 561-562 [1999]). Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.