Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (2019 NY Slip Op 07776)





Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO


2019 NY Slip Op 07776


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-10658
 (Index No. 58265/16)

[*1]In the Matter of City of Yonkers, respondent,
v
Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, appellant.


Archer, Byington, Glennon & Levine, LLP, New York, NY (Richard Corenthal of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 20, 2016. The order, in effect, granted the petition to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
This proceeding involves a dispute between the petitioner, City of Yonkers, and Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (hereinafter Local 628), regarding a paramedic training course offered by the City to its firefighters, which was funded by a federal Assistance to Firefighters grant. After the City denied Local 628's requests for documents related to the paramedic training course, Local 628 filed a grievance asserting that the City violated, among other provisions, article 33 of the parties' collective bargaining agreement (hereinafter the CBA). Upon exhausting its internal grievance remedies, Local 628 demanded arbitration of the dispute. The City subsequently commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. The Supreme Court, in effect, granted the petition, determining that the parties' dispute was not arbitrable since there was no reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA. Local 628 appeals.
"As a general rule, public policy in this State favors arbitral resolution of public sector labor disputes" (Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.-Long Beach Unit, 8 NY3d 465, 470 [internal quotation marks omitted]; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d 599, 600; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 617). However, "[a] grievance may be submitted to arbitration only where the parties agree to arbitrate that kind of dispute, and where it is lawful for them to do so" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, [*2]167 AD3d at 601; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 618). In determining whether a grievance is arbitrable, a court must "first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance," and if there is no prohibition against arbitration, the court must "then examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 278; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d at 601; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 618).
Here, it is undisputed that there is no statutory, constitutional, or public policy prohibition to arbitration of this grievance. Therefore, the only issue is whether the parties agreed to arbitrate this particular dispute. Where, as here, the relevant arbitration provision of the CBA is broad, providing for arbitration of any grievance "involving the interpretation or application of any provision of this Agreement," a court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d at 601; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 618). "If there is none, the issue, as a matter of law, is not arbitrable. If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143).
According to Local 628, the City, by offering a paramedic training course to its firefighters, violated article 33 of the CBA, which contains various provisions concerning the EMS Program, including a provision stating that the "EMS Program shall mean the level of services provided as of the date of this Agreement." Contrary to the City's contention, a reasonable relationship exists between Local 628's grievance and the general subject matter of the CBA (see Matter of City of Watertown [Watertown Professional Firefighters Assn., Local 191]), 169 AD3d 1396, 1397-1398; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d at 601; Matter of New York City Tr. Auth. v Transport Workers Union of Greater N.Y., Local 100, 117 AD3d 955, 956-957). "[T]he question of the scope of the substantive provisions of the CBA is a matter of contract interpretation and application reserved for the arbitrator" (Matter of Village of Garden City v Professional Firefighters Assn. of Nassau County, Local 1588, 161 AD3d 1086, 1089; see Matter of Lewis County [CSEA Local 1000, AFSCME, AFL-CIO, Lewis County Sheriff's Empls. Unit #7250-03, Lewis County Local 825], 153 AD3d 1575). Accordingly, the Supreme Court should have denied the City's petition to permanently stay arbitration and dismissed the proceeding.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court