Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (2020 NY Slip Op 05745)





Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO


2020 NY Slip Op 05745


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2016-11321
 (Index No. 54477/16)

[*1]In the Matter of City of Yonkers, respondent,
v
Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, appellant.


Archer, Byington, Glennon & Levine, LLP, Melville, NY (Richard S. Corenthal of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated October 17, 2016. The order, insofar as appealed from, upon reargument, in effect, vacated a determination in a prior order of the same court dated June 29, 2016, denying the petition and, in effect, dismissing the proceeding, and thereupon granted the petition to permanently stay arbitration.
ORDERED that the order dated October 17, 2016, is reversed insofar as appealed from, on the law, with costs, and the determination in the order dated June 29, 2016, denying the petition to permanently stay arbitration and, in effect, to dismiss the proceeding is adhered to.
On December 9, 2015, the Commissioner of Human Resources of the City of Yonkers advised a number of retired disabled firefighters by letter that he had determined to exclude from the supplemental benefits paid to them pursuant to General Municipal Law § 207-a(2) the compensation paid to active firefighters for night differential, check-in pay, and holiday pay. The respondent, Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (hereinafter Local 628), filed a grievance on behalf of its current member firefighters with the Fire Commissioner of the Yonkers Fire Department, alleging that the determination to stop paying these sums as part of the General Municipal Law § 207-a benefit paid to disabled firefighters violated certain provisions of the collective bargaining agreement (hereinafter CBA) between Local 628 and the City of Yonkers, and thereafter served a demand for arbitration. By petition dated April 5, 2016, the City commenced this proceeding to permanently stay arbitration of Local 628's grievance on the ground that it was not arbitrable. In an order dated June 29, 2016, the Supreme Court, inter alia, denied the petition and, in effect, dismissed the proceeding. The City moved, among other things, for leave to reargue. In an order dated October 17, 2016, the court granted leave to reargue, determined that the grievance by Local 628 was not arbitrable, and granted the petition to permanently stay arbitration. Local 628 appeals.
"'Public policy in [this State] favors arbitral resolution of public sector labor disputes'" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d 599, 600, quoting Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 617; see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit, 8 NY3d 465, 470). "'However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test'" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d at 600, quoting Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 617-618). First, the court must determine "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278). If there is no prohibition against arbitration, the court must "then examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue" (id. at 278; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d at 600-601; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 617-618). "Where, as here, the relevant arbitration provision of the CBA is broad, if the matter in dispute bears a reasonable relationship to some general subject matter of the CBA, it will be for the arbitrator and not the courts to decide whether the disputed matter falls within the CBA" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d at 601; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 618). "If there is none, the issue, as a matter of law, is not arbitrable. If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143).
Here, the Supreme Court erroneously determined, upon reargument, that Local 628's grievance was not arbitrable. There is no constitutional, statutory, or public policy provision prohibiting the submission to arbitration of disputes between the parties regarding the payments at issue in this matter (see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 278). Moreover, given the breadth of the arbitration clause in this case, the disputed payments clearly bore a reasonable relationship to some general subject matter of the parties' CBA, since Appendix C of the CBA, as subsequently modified by the parties' stipulation, expressly addresses the payment of General Municipal Law § 207-a benefits, and Article 31 of the CBA recites the parties' agreement that benefits will not unilaterally be altered or revoked. Thus, the Union's grievance—that the exclusion of sums paid for night differential, check-in pay, and holiday pay from General Municipal Law § 207-a benefits violates the CBA—constitutes an arbitrable dispute, and it is for an arbitrator to determine whether those disputed payments fall within the scope of the parties' CBA.
In view of the foregoing, we do not reach the additional contention raised by Local 628.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court