Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc. (2022 NY Slip Op 03722)

Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc.

2022 NY Slip Op 03722

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-12502
 (Index No. 54086/19)

[*1]In the Matter of City of New Rochelle, respondent,
v
Uniformed Fire Fighters Association, Inc., Local 273, I.A.F.F., appellant.

Archer, Byington, Glennon & Levine, LLP, Tarrytown, NY (Richard S. Corenthal and Paul K. Brown of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Uniformed Fire Fighters Association, Inc., Local 273, I.A.F.F. appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 30, 2019. The order granted the petition to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The City of New Rochelle and the Uniformed Fire Fighters Association, Inc., Local 273, I.A.F.F. (hereinafter the union) are parties to a collective bargaining agreement (hereinafter the CBA). In January 2019, the union filed a grievance alleging, inter alia, that the City was in violation of the CBA and the negotiated General Municipal Law § 207-a policy by failing to adhere to the required procedures in processing a claim by one of the union's members for General Municipal Law § 207-a benefits. After the grievance was denied, and upon exhausting its internal grievance remedies, the union demanded arbitration. The City thereafter commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. By order dated September 30, 2019, the Supreme Court granted the petition. The union appeals.
"Public policy in New York favors arbitral resolution of public sector labor disputes" (Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d 1049, 1050 [internal quotation marks omitted]; see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit, 8 NY3d 465, 470). "However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test" (Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d at 1050). In determining whether a grievance is arbitrable, a court must "'first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance,'" and if there is no prohibition against arbitration, the court must "'then examine the CBA to determine if the parties [*2]have agreed to arbitrate the dispute at issue'" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 176 AD3d 1197, 1198, quoting Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278). Where, as here, the relevant arbitration provision of the CBA is broad, a court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 187 AD3d 900, 901, lv granted 37 NY3d 910; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 618). "If there is none, the issue, as a matter of law, is not arbitrable. If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143).
Here, the Supreme Court erroneously determined that the union's grievance was not arbitrable. It is undisputed that there is no constitutional, statutory, or public policy provision prohibiting the arbitration of the dispute at issue in this matter. Moreover, given the breadth of the arbitration clause in this case, the dispute regarding the City's processing of claims for General Municipal Law § 207-a benefits bore a reasonable relationship to the general subject matter of the CBA, since Article 10 of the CBA expressly refers to the negotiated policy for the provision of such benefits (see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 187 AD3d at 902; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 618). "[T]he question of the scope of the substantive provisions of the CBA is a matter of contract interpretation and application reserved for the arbitrator" (Matter of Village of Garden City v Professional Firefighters Assn. of Nassau County, Local 1588, 161 AD3d 1086, 1089; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 187 AD3d at 902).
Accordingly, the Supreme Court should have denied the City's petition to permanently stay arbitration and dismissed the proceeding.
The City's remaining contentions are without merit.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court