Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn. (2022 NY Slip Op 06481)

Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn.

2022 NY Slip Op 06481

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00085
 (Index No. 609721/20)

[*1]In the Matter of Incorporated Village of Floral Park, respondent, 
v
Floral Park Police Benevolent Association, appellant.

Pitta LLP, New York, NY (Stephen McQuade of counsel), for appellant.
Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John E. Ryan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the Floral Park Police Benevolent Association appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated November 25, 2020. The order granted the petition and denied the motion of the Floral Park Police Benevolent Association pursuant to CPLR 3211(a)(7) to dismiss the petition for failure to state a cause of action and pursuant to NYCRR 130-1.1 to impose sanctions against the petitioner.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the petition, and substituting therefor a provision denying the petition; as so modified, the order is affirmed, with costs to the appellant.
The Floral Park Police Benevolent Association (hereinafter the PBA) filed a grievance alleging that its members, who worked during the early days of the COVID-19 pandemic, were entitled to additional compensation for that work from the Incorporated Village of Floral Park pursuant to article V, § 4 of the collective bargaining agreement (hereinafter CBA) executed by the Village and the PBA. After the grievance was denied in the first three steps of the grievance procedure set forth in the CBA, the PBA demanded arbitration. The Village thereafter commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration, and the PBA moved pursuant to CPLR 3211(a)(7) to dismiss the petition and pursuant to NYCRR 130-1.1 to impose sanctions against the Village. In an order dated November 25, 2020, the Supreme Court granted the petition and denied the PBA's motion. The PBA appeals.
In determining whether a dispute between a public sector employer and an employee is arbitrable, "a court must first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance, and if there is no prohibition against arbitration, the court must then examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue" (Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d 727, 728 [internal quotation marks omitted]; see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278; Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d 1240, 1241). Where the relevant arbitration provision is [*2]broad, a court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143; see Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d at 728; Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d at 1242). If such a relationship exists, "the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d at 728).
Here, the Village's petition was grounded on its contention that the dispute in this case is not arbitrable because article V, § 4 of the CBA provides for additional compensation when the mayor of the Village declares "a holiday for Village employees due to an emergency," and no such declaration was made by the mayor here. The petition further asserted that arbitration would be against public policy because the "members of the PBA are seeking to extract a benefit to which they clearly are not entitled and which is not contained in their contract." These contentions are without merit, since the applicability of article V, § 4 of the CBA does not affect the arbitrability of the dispute, but only the merits of the dispute, and the merits are to be determined by the arbitrator and not by the courts (see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 279; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 142-143; Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d at 1242). Moreover, the Village cites to no public policy that would prohibit the arbitrator from determining this dispute as to whether the mayor did or should have declared a state of emergency in response to the COVID-19 pandemic. Since there is no prohibition against arbitration in this matter, the remaining consideration is whether, under the terms of the CBA, the parties have agreed to arbitrate the instant dispute. The relevant arbitration provisions of the CBA are broad, as they permit PBA members to demand arbitration of any grievance that remains unresolved following completion of step three of the grievance procedure, define the term "grievance" as "any claimed violation, misinterpretation or inequitable application of this Agreement," and exclude from the definition of "grievance" only disciplinary matters and matters that may be pursued before an administrative agency (see Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d at 1242). Moreover, there is a reasonable relationship between the subject matter of the dispute, which involves compensation for work performed during a specific time period pursuant to a provision of the CBA, and the general subject matter of the CBA (see id.; see also Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 279-280; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143). Thus, the dispute between the parties is arbitrable.
Accordingly, the Supreme Court should have denied the petition to permanently stay arbitration. The court, however, did not improvidently exercise its discretion in declining to impose sanctions against the Village pursuant to 22 NYCRR 130-1.1.
The PBA's remaining contention is without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court