Matter of Village of Maybrook v Teamsters Local 445 (2023 NY Slip Op 06051)

Matter of Village of Maybrook v Teamsters Local 445

2023 NY Slip Op 06051

Decided on November 22, 2023

Appellate Division, Second Department

Brathwaite Nelson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-04186
 (Index No. 1072/20)

[*1]In the Matter of Village of Maybrook, respondent,
v
Teamsters Local 445, appellant.

APPEAL by Teamsters Local 445, in a proceeding pursuant to CPLR article 75 to permanently stay arbitration, from an order of the Supreme Court (Sandra B. Sciortino, J.), dated May 6, 2020, and entered in Orange County. The order granted the petition to permanently stay arbitration and denied the cross-motion of Teamsters Local 445 to compel arbitration.

Barnes, Iaccarino & Shepard LLP, Elmsford, NY (Steven H. Kern and James Bell of counsel), for appellant.
Naughton & Torre, LLP, Goshen, NY (Ashley N. Torre of counsel), for respondent.

BRATHWAITE NELSON, J.

OPINION & ORDER
Teamsters Local 445 (hereinafter the Union) filed a demand for arbitration of a grievance against the Village of Maybrook alleging that the Village breached the parties' collective bargaining agreement (hereinafter CBA) by deducting a certain amount from each paycheck of Sergeant Michael Maresca for health insurance costs. The Supreme Court granted the Village's petition to permanently stay arbitration on the ground that the claim sought to be arbitrated was barred by the four-month statute of limitations applicable to CPLR article 78 proceedings. The principal issues raised on this appeal are (1) whether the underlying claim is in the nature of CPLR article 78 seeking review of an administrative determination or in the nature of breach of contract, and (2) if the latter, whether the claim is predicated on a single breach or a series of breaches that occurred with each paycheck. For the reasons that follow, we determine that the nature of the claim is breach of contract and that the claim is predicated on a series of independent alleged breaches. Since the statute of limitations began anew as to each breach, we find that the claim to be arbitrated was not wholly time-barred. We therefore modify the order appealed from by denying that branch of the petition which was to permanently stay so much of the grievance as was not time-barred and granting the Union's cross-motion to the extent of compelling arbitration of so much of the grievance as was not time-barred.
Factual and Procedural Background
Maresca has been employed by the Village since February 2008. Since that time, he has paid 10% of the cost of his health insurance through regular payroll deductions. On or about December 10, 2019, the Union filed a grievance on Maresca's behalf, alleging that, pursuant to the CBA and the Village Handbook, the Village was obligated to pay the full cost of Maresca's health insurance. The grievance was denied, and the Union filed an administrative appeal, which also was denied. The Union then filed a demand for arbitration of the grievance.
The Village commenced this proceeding pursuant to CPLR 7503 to permanently stay arbitration on the grounds that the claim sought to be arbitrated is barred by the statute of limitations [*2]and that no agreement to arbitrate the matter exists. The Union cross-moved to compel arbitration. In an order dated May 6, 2020, the Supreme Court granted the petition and denied the cross-motion, determining that, while it would be for the arbitrator to decide whether the grievance was encompassed within the arbitration agreement, the matter was time-barred. The Union appeals.
Discussion
Subject to exclusions not relevant here, a party may petition to stay arbitration "on the ground that a valid agreement [to arbitrate] was not made . . . or that the claim sought to be arbitrated is barred by limitation under [CPLR 7502(b)]" (id. § 7503[b]). CPLR 7502(b), in turn, enables a party to assert the statute of limitations as a bar to arbitration "[i]f, at the time that a demand for arbitration was made . . . , the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state."
In determining whether a grievance is arbitrable, i.e., whether a valid agreement to arbitrate was made, the court must follow a two-part test (see Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278). First, the court considers "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (id. at 278; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 39 NY3d 114, 118). If there is no prohibition against arbitrating, the court then "examine[s] the CBA to determine if the parties have agreed to arbitrate the dispute at issue" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 278; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 39 NY3d at 118).
It is undisputed that there is no constitutional, statutory, or public policy provision prohibiting the arbitration of the dispute at issue in this matter. In determining whether the parties agreed to arbitrate the dispute, "the merits of the grievance are not the courts' concern. Even an apparent weakness of the claimed grievance is not a factor in the court's threshold determination. It is the arbitrator who weighs the merits of the claim" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 142 [citations omitted]; see CPLR 7501). "A court . . . should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA. If there is none, the issue, as a matter of law, is not arbitrable. If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 39 NY3d at 118).
The CBA at issue provides for a three-step grievance procedure. At step one, described as a "FORMAL GRIEVANCE," the Union may file a formal complaint on behalf of an aggrieved employee to the Chief of Police. If the Union is not satisfied with the outcome of step one, it may submit, at step two, an administrative appeal to the Village Board of Trustees. Following the administrative appeal, step three allows the Union to submit the matter to arbitration by filing a demand for arbitration with the New York State Public Employees Relations Board. The CBA defines "grievance" to "mean and refer to a claimed violation, misinterpretation or inequitable application of the expressed provisions of [the CBA], but shall not mean or refer to any matter that is otherwise reviewable pursuant to law or any rule or regulation having the force and effect of law." Here, the Union alleges that the Village has violated the provision of the CBA which requires the Village to continue all benefit coverage and benefit contribution levels as they exist at the time of the signing of the CBA and to grant any additional excess benefits subsequently given to other Village employees to Police Department employees covered by the CBA. Thus, there is a "reasonable relationship" between the subject matter of the dispute and the general subject matter of the CBA (see Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 210 AD3d 892, 894; Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d 727, 728).
Contrary to the Village's contention, the matter sought to be arbitrated does not fall outside of the scope of the CBA's definition of "grievance" on the ground that it is a matter "otherwise reviewable pursuant to law" in a proceeding commenced pursuant to CPLR article 78. Here, the Union filed a grievance seeking redress for the Village's alleged breach of the CBA, not review of an administrative determination (see id. § 7803[3]). The Village's reliance on Matter of Salomon v Town of Wallkill (174 AD3d 720, 721) is misplaced, as, there, an employee commenced a proceeding pursuant to CPLR article 78 to review a determination by her employer to classify her [*3]as an employee hired after a particular date, the effect of which was that she was required to pay 15% of the cost of her health insurance premium. That appeal did not concern a grievance alleging breach of the CBA, but rather review of the administrative determination concerning the employee's hire date. By contrast, here, there is no dispute as to Maresca's hire date, and there has been no administrative determination that would be the subject of review pursuant to CPLR article 78. The gravamen of the grievance is breach of the CBA. The plain terms of the CBA define a grievance to include a claimed violation of the CBA and provide that the Union may seek arbitration so long as it complied with the other steps of the grievance process, which is not in dispute here.
To the extent that the Village contends that the matter is not arbitrable because the Union improperly amended the grievance in its demand for arbitration, "the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them," is for the arbitrator to determine (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 210 AD3d at 894-895; Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d at 728). Thus, the Supreme Court properly concluded that the subject arbitration should not be stayed on the ground that a valid agreement to arbitrate was not made.
The Supreme Court erred, however, in concluding that the entire grievance was time-barred. Contrary to the Village's contention, the subject dispute may properly be characterized as a breach of contract claim (see Matter of County of Broome [Rauen], 130 AD2d 811, 812; see generally Matter of Nassau BOCES Educ. Adm'rs Assn. v Board of Coop. Educ. Servs. of Nassau County, 176 AD3d 823; Sheriff Officers Assn., Inc. v County of Nassau, 69 AD3d 921). As discussed above, there is no administrative determination in the nature of CPLR article 78 at issue. Generally, a breach of contract cause of action is subject to a six-year statute of limitations (see id. § 213[2]). That period is further truncated in this case by CPLR 9802, which provides that an action to recover damages for breach of contract with a village must be commenced within 18 months after the cause of action accrued. "In New York, a breach of contract cause of action accrues at the time of the breach" (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402).
Relying again on Matter of Salomon v Town of Wallkill, the Village asserts that the alleged breach occurred the first time that the Village deducted a contribution for the cost of health insurance from Maresca's paycheck, and that each subsequent deduction merely constituted "the continuing effects" of the breach and not "a series of independent, distinct wrongs" (Matter of Salomon v Town of Walkill, 174 AD3d at 721 [internal quotation marks omitted]). The Village's reliance on Matter of Salomon is misplaced. There, the alleged wrongful act was a determination to classify the employee as hired on a particular date, and the employee's ongoing payments of 15% of the cost of the health insurance was the continuing effect of the allegedly wrongful determination (see id.). Here, the Union does not allege that the Village made an erroneous classification of Maresca's employment status. Rather, the dispute lies in whether or not the Village is obligated to pay the full cost of Maresca's health insurance pursuant to the terms of the CBA. If the Union is correct in its interpretation of the CBA and the Village Handbook, the CBA required the Village to make ongoing payments on Maresca's behalf; "thus, a new breach occurred, for statute of limitations purposes, each time the [Village] failed to make a required payment" (CSEA Empl. Benefit Fund v Warwick Val. Cent. School Dist., 36 AD3d 582, 584; see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1228; see also Bulova Watch Co. v Celotex Corp., 46 NY2d 606, 611; Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc., 105 AD3d 820, 822). Thus, while the Union cannot seek repayment for health insurance costs incurred more than 18 months prior to the filing of the grievance, it may seek repayment for those costs incurred within the 18 months prior to the filing of the grievance (see Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc., 105 AD3d at 822; Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d at 1228).
Conclusion
Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration of so much of the grievance as sought damages that accrued within 18 months of the filing of the grievance. Since there is "no substantial question whether a valid agreement [to arbitrate] was made . . . and the claim sought to be arbitrated is not barred by [the statute of limitations]" (CPLR 7503[a]) to the extent that it relates to damages accrued within 18 months of the filing of the grievance, the court should have granted that branch of the Union's cross-[*4]motion which was to compel arbitration of so much of the grievance as sought damages that accrued within 18 months of the filing of the grievance.
In light of the foregoing, the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the petition which was to permanently stay arbitration of so much of the grievance as sought damages that accrued within 18 months of the filing of the grievance, and substituting therefor a provision denying that branch of the petition, and (2) by deleting the provision thereof denying that branch of the Union's cross-motion which was to compel arbitration of so much of the grievance as sought damages that accrued within 18 months of the filing of the grievance, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed.
BARROS, J.P., MILLER and MALTESE, JJ., concur.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the petition which was to permanently stay arbitration of so much of the grievance as sought damages that accrued within 18 months of the filing of the grievance, and substituting therefor a provision denying that branch of the petition, and (2) by deleting the provision thereof denying that branch of the cross-motion of Teamsters Local 445 which was to compel arbitration of so much of the grievance as sought damages that accrued within 18 months of the filing of the grievance, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court